UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY AND
ROBERT CALCIANO,

    Plaintiffs,

v.                                                                                Case No. 8:25-cv-1902-CPT

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant Liberty Mutual Fire Insurance Company's (Liberty) motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II of Plaintiffs Dorothy and Robert Calciano's complaint or, alternatively, to strike that count under Rule 12(f). (Doc. 5). For the reasons discussed below, Liberty's motion is denied.

I.

The Calcianos initiated this first-party insurance action in state court against Liberty in June 2025. (Doc. 1-1). In their complaint, which contained two counts, the Calcianos averred that they purchased a policy from Liberty to protect their property against various harms, including hurricane damage. *Id*. The Calcianos further

averred, however, that when their property was later battered by Hurricane Milton, Liberty failed, among other things, to acknowledge coverage and to remit to them the full monetary sum called for under the policy. *Id.* Predicated upon these and other allegations, the Calcianos asserted a breach of contract claim in Count I, seeking a "judgment against [Liberty] for all unpaid bills with interest on any overdue payments, costs, and for all other remedies[.]" *Id.* at 3. And in Count II, the Calcianos asserted a claim for a declaratory judgment, requesting—as pertinent here—a pronouncement that Liberty breached its policy with the Calcianos and that the Calcianos were entitled to the sought-after insurance proceeds.[1] *Id.* at 7–9.

Liberty subsequently removed this case from state court based on the Court's diversity jurisdiction. (Doc. 1). The instant motion, opposed by the Calcianos, soon followed. (Docs. 5, 16).

II.

Rule 12(b)(6) permits a court to dismiss a complaint where a plaintiff fails to assert a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must set forth adequate factual averments to state a claim for relief that is "plausible on its face." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint crosses this threshold "when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard

---

[1] The Calcianos asked for a number of other forms of declaratory relief as well. *Id.* at 7–9.

requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

Rule 12(f), on the other hand, authorizes a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Luxottica Grp. S.p.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016) ("Pursuant to [Rule 12(f)], courts may strike insufficient defense[s] from a pleading, either upon a motion or sua sponte.") (internal quotation marks and citation omitted). A court has "broad discretion in determining whether to grant a motion to strike." *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1251 (M.D. Fla. 2013) (citation omitted). That said, motions to strike are deemed to be a "drastic remedy," which should be deployed "only when required for the purposes of justice and . . . only when the pleading to be stricken has no possible relation to the controversy." *Alms v. Luminar Techs., Inc.*, 2025 WL 1531146, at *1 (M.D. Fla. May 29, 2025) (internal quotations marks and citation omitted). Given the "exceedingly high" bar for granting Rule 12(f) motions, *id*. (citations omitted), such motions are "decidedly disfavored" by the courts and are generally viewed as "time wasters," *Concepcion v. Helidosa Aviation Group, S.A.*, 2025 WL 3646126, at *1 (M.D. Fla. May 20, 2025) (quoting *CorePointe Ins. Co. v. Politis Law Firm, P.A.*, 2023 WL 9196661, *1 (M.D. Fla. Oct. 18, 2023)); *see also Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, 2013 WL 5921538, at *1 (M.D. Fla. Nov. 4, 2013) (stating that the standard for granting a motion to strike is "difficult" to

satisfy and that such motions are "generally disfavored") (collecting cases); *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008) (observing that because the criteria for Rule 12(f) motions are "rarely met," such motions are generally "disfavored" and are "often considered time wasters") (internal quotation marks and citations omitted).

In this case, Liberty contends that the Calcianos' declaratory judgment claim in Count II should be dismissed pursuant to Rule 12(b)(6) or struck under Rule 12(f) because it is "redundant" or duplicative of the Calcianos' breach of contract claim in Count I. (Doc. 5). Neither of these arguments has merit.

Beginning with Liberty's dismissal request, Liberty notably does not set forth the legal framework governing Rule 12(b)(6) motions, much less show how that framework dictates jettisoning Count II at this juncture. *See Turco v. Ironshore Ins. Co.*, 2018 WL 6181348, at *2 (M.D. Fla. Nov. 27, 2018) ("[A] motion to dismiss tests a claim's plausibility—not [its] redundancy."). As a result, Liberty has waived this challenge. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."), *overruled on other grounds in part by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (deeming an issue to be abandoned where no argument was made) (citations omitted).

Even were that not the case, Liberty's dismissal request would fail in any event. The Declaratory Judgment Act provides that a court "may declare the rights and other

4

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.[2]  To state a claim under the Act, a plaintiff must allege "the existence of an 'actual controversy' between the parties[.]" *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. Dec. 21, 2015).  For purposes of this analysis, the term "actual controversy" has the "same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Id.* (citation omitted).  A court ultimately has discretion in deciding whether to entertain a claim under the Declaratory Judgment Act. *Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008).

Here, as described above, the Calcianos aver that they contracted with Liberty to insure their home against hurricane damage and now disagree with Liberty as to whether the harm their residence suffered during Hurricane Milton should be covered by Liberty. (Doc. 1-1).  In light of the contested nature of this policy determination, the Calcianos meet the threshold for stating a claim under the Act and thus would survive a Rule 12(b)(6) motion to dismiss Count II.

---

[2] The Calcianos bring Count II under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011. (Doc. 1-1).  As that statute is merely a procedural mechanism, however, many federal courts treat such claims as being asserted under the federal Declaratory Judgment Act. *See Nationwide Ins. Co. of Am. v. Fla. Realty One, Inc.*, 2019 WL 5423339, at *2 n.2 (M.D. Fla. Oct. 23, 2019) ("[F]ederal courts construe claims brought under the Florida Declaratory Judgment Act as seeking relief under the federal Declaratory Judgment Act alone."); *Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 10671130, at *2–3 (M.D. Fla. Aug. 11, 2009) (concluding that the federal Declaratory Judgment Act governs any procedural matters over the Florida Declaratory Judgment Act) (collecting cases).  The Court need not decide this issue at this juncture because it would reach the same conclusion regardless of which declaratory judgment statute applies.

Liberty's alternative argument that Count II should be struck under Rule 12(f) does not fare any better. While it is true that "some courts [have] dismiss[ed] claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim[, o]ther courts [have] allow[ed] claims for declaratory relief to travel with a claim for breach of contract." *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, 2017 WL 6947785, at *4 (M.D. Fla. Apr. 17, 2017) (quoting *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech Sol., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)), *report and recommendation adopted*, 2017 WL 8314655 (M.D. Fla. May 2, 2017). After careful review, the Court finds that the latter approach represents the better option here. Several considerations inform the Court's conclusion.

To start, both the federal Declaratory Judgment Act and the Federal Rules of Civil Procedure allow for a declaratory judgment even if another remedy is available. *See* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate"); 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*.") (emphasis added). Moreover, the Calcianos' claims for breach of contract and declaratory judgment are not wholly duplicative. As referenced above, the former count seeks a judgment for "all unpaid bills with interest on any overdue payments," while the latter count requests various forms of declaratory relief. (Doc. 1-1). And lastly, Liberty does not identify any prejudice that may result from permitting the declaratory judgment claim to proceed. In light of these

circumstances, along with the high bar for striking a count from a complaint, *see Gonzalez v. Scottsdale Ins. Co.*, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020); *Clarendon Am. Ins. Co.*, 2013 WL 5921538, at *1; *Inlet Harbor Receivers, Inc.*, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008), the most prudent course is to allow both claims to go forward for now, *see Turco*, 2018 WL 6181348, at *2 ("Whether the breach of contract claim subsumes [the declaratory judgment claim] is better resolved at summary judgment.").

### III.

Based upon the foregoing, Liberty's motion to dismiss Count II or, in the alternative, to strike it is denied.

SO ORDERED in Tampa, Florida, this 29th day of January 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record